UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

OV LOOP, INC.,

        *Plaintiff*,

v.

MASTERCARD INCORPORATED, and
MASTERCARD INTERNATIONAL
INCORPORATED,

        *Defendants*.

Civil Action No.: 7:23-cv-1773-CS

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

WHEREAS, discovery in the above-captioned action may involve the disclosure of certain documents, things, and information in the possession, custody, or control of Plaintiff OV Loop, Inc. ("OV Loop") and Defendants Mastercard Incorporated and Mastercard International Incorporated (collectively, "Mastercard") and/or non-parties to this litigation, that constitute or contain trade secrets or other confidential research, development, financial, or commercial information within the meaning of Rule 26(c)(1) of the Federal Rules of Civil Procedure;

WHEREAS, the parties reasonably believe that public disclosure of materials, information, or things determined to be confidential or commercially sensitive could cause irreparable financial and competitive harms to the disclosing party or a third party from whom such confidential materials, information, or things are sought;

WHEREAS, the parties have agreed to the entry of this Protective Order to permit each other to discover information deemed confidential and/or highly sensitive pursuant to procedures protecting the confidentiality of such information; and

WHEREAS, the parties have established good cause for entry of this Protective Order.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND ORDERED, as follows:

## DEFINITIONS

1.      For purposes of this Order:

(a)      "Document" includes all tangible written, recorded or graphic material, and intangible data files, such as magnetic computer files, whether produced or created by a party or another person, and whether produced pursuant to any state or federal discovery rules, by agreement or otherwise, and includes, without limitation, documents, interrogatory answers, responses to requests for admission, deposition transcripts and exhibits, trial transcripts or other court transcripts, pleadings, motions, affidavits, declarations, affirmations, briefs, or other filings, and any portion of any of the above;

(b)      "Confidential Information" includes any non-public information, Document, or thing, produced or generated in disclosures or responses to discovery in this action, that the Disclosing Party reasonably believes in good faith constitutes or reveals proprietary or confidential research, development, business, financial, sales, marketing, or commercial information, or information otherwise within the scope of Rule 26(c) of the Federal Rules of Civil Procedure or the precedents thereto that the Disclosing Party would not disclose to non-parties or that it would cause non-parties to maintain in confidence.

(c)      "Highly Confidential - Attorneys' Eyes Only Information" includes any non-public information, Document, or thing, produced or generated in disclosures or responses to discovery in this action, that the Disclosing Party reasonably believes in good faith is not only "Confidential Information", as that term is defined herein, but, in addition, that such information constitutes or reveals highly sensitive information, the disclosure of which could create a

substantial risk of harm to the Disclosing Party, in the following general categories: proprietary customer, supplier and distributor information, non-technical trade secrets, sensitive financial data, licenses, marketing and business plans or strategies for existing or new products or processes.

(d)     "Highly Confidential – Outside Attorneys' Eyes Only Information" includes any non-public information, Document, or thing, produced or generated in disclosures or responses to discovery in this action, that the Disclosing Party reasonably believes in good faith is not only "Confidential Information", as that term is defined herein, but, in addition, that such information constitutes or reveals highly sensitive information, the disclosure of which could create a substantial risk of harm to the Disclosing Party, in the following general categories: research, development, design and technical information for existing or new products or processes, non-public patent applications, and technical trade secrets.

All protections applicable under this Order to Confidential Information apply as well to Highly Confidential – Attorneys' Eyes Only Information and Highly Confidential – Outside Attorneys' Eyes Only Information.

(e)     Confidential Information, Highly Confidential – Attorneys' Eyes Only Information, and Highly Confidential – Outside Attorneys' Eyes Only Information are collectively referred to herein as "Designated Information."

(f)     "Party" means all parties to this action.

(g)     "Disclosing Party" means any Party or Third Party that produces or generates in disclosures or responses to discovery in this action Designated Information or otherwise designates information or items produced or generated in disclosures or responses to discovery in this action Confidential Information, Highly Confidential – Attorneys' Eyes Only Information, or Highly Confidential – Outside Attorneys' Eyes Only Information.

3

(h)     "Third Party" means any natural person, partnership, corporation, association, or other legal entity not named as a party to this action.

## PERMISSIBLE USE OF DESIGNATED INFORMATION

2.      All persons obtaining access to Designated Information in this action shall use the Documents, things, or information only for preparation and trial of this action, including any appeal or retrial, and for attempting to settle this action.  All persons obtaining access to Designated Information shall not use such Documents, things, or information for any other purpose, including, without limitation, for business or governmental purposes or for any administrative or other judicial proceeding.  This Order shall not restrict the use or disclosure of Documents, things, or information not obtained as a result of this action or otherwise known to or obtained by a Party or publicly available.

## DESIGNATION OF DESIGNATED INFORMATION

3.      For information in documentary form, but excluding transcripts of depositions or other pretrial or trial proceedings, a Party or Third Party may designate Documents or information provided as Designated Information by placing on or affixing to a Document containing such information (in such manner as will not interfere with the legibility thereof) the words "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" on each page of the Document entitled to such designation.  Where it is impractical to affix a designation to particular pages of a Document, e.g., native Excel files, it shall be acceptable to designate the entire Document, by, for example, affixing the designation to an Excel file name.  In all cases, the non-Disclosing Party has the right to seek more specific designations, and the Disclosing Party will comply with such requests to the extend the requests are reasonable.

4

4.      For testimony given in deposition or in other pretrial or trial proceedings, counsel for any of the Parties or the witness may invoke on the record the right to, within thirty (30) days after receipt of the complete final transcript, designate the entirety or portions of the testimony that qualify as Designated Information by page number and line number.  Such designation shall be communicated in writing to all parties.  During the thirty (30) day period described herein, the transcript shall be treated as Highly Confidential – Outside Attorneys' Eyes Only.  Only those portions of the testimony that are appropriately designated for protection within the 30-day period shall be covered by the provisions of this Order.  If counsel for any of the Parties or the witness, through inadvertence, failed to invoke the 30-day period on the record, counsel may invoke the period thereafter, if such invocation is made (1) promptly after discovering the inadvertent failure to invoke, and (2) within a reasonable time following the close of the deposition day in question. Any Party or witness may also designate specific testimony, transcript pages, or if appropriate the entirety of a transcript as Designated Information by notice on the record at the proceeding, in which case the transcripts should have an obvious legend indicating confidentiality on the cover page.

5.      For information produced in some form other than documentary and for any other tangible things, that the Disclosing Party affix in a prominent place on the exterior of the container or containers in which the information or thing is stored the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY."  If only a portion or portions of the information or thing warrant protection, the Disclosing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

6.      The burden of proving that any information is Designated Information shall remain with the Party or Third Party making such designation.

**PERMISSIBLE DISCLOSURE OF DESIGNATED INFORMATION**

7.      In the absence of written permission from the Disclosing Party or an order of the Court, Confidential Information may be disclosed by the non-Disclosing Party only to:

(a)      Current or former employees (including in-house counsel), officers, partners or directors of the Parties to whom disclosure is reasonably necessary, provided that counsel has a good faith basis for believing that, with respect to former employees, officers, partners, or directors (collectively, "former employees"), from the face of the Document or thing containing Confidential Information, from the content of the Confidential Information, or from a foundational inquiry to the former employee prior to revealing the substantive contents of the Document, thing, or information, that the former employee had access to said material when they held said positions, and provided that upon the first indication that such former employee did not in fact have prior access to the Confidential Information, counsel must immediately refrain from any further disclosure to that former employee;

(b)      Outside counsel of record for the Parties to this action, including partners, associates, contract attorneys, paralegals, assistants, secretaries, and support staff, provided that such persons are actively engaged in facilitating the prosecution, defense, appeal or settlement of this action; and employees, agents or contractors of professional services vendors for outside counsel of record (including, for example, reputable litigation support service providers, jury or trial consultants and mock jurors, and mediators and their staff) to the extent reasonably necessary to render professional services for this action or any appeal;

(c)     The author of the Document (in part or in whole) containing the information, persons to whom a copy of the Document was sent prior to its production in this action, or persons who otherwise possessed or knew the information;

(d)     Court officials involved in this action;

(e)     Court reporting personnel and their staff involved in taking or transcribing testimony in this action;

(f)     The non-Disclosing Party's outside consultants or experts retained for the purpose of assisting counsel in this action, and their support staff, provided that the requirements of ¶ 11 are complied with, and that the outside consultant, expert or support staff is not a current employee of a Party or of a Party's competitor, is not anticipated to become an employee of a Party or a Party's competitor, and is not anticipated to become a percipient witness in this action; and

(g)     The Disclosing Party's outside consultants or experts retained for the purpose of assisting counsel in this action, and their support staff.

8.     In the absence of written permission from the Disclosing Party or an order of the Court, Highly Confidential – Attorneys' Eyes Only Information may be disclosed by the non-Disclosing Party only to:

(a)     Current or former employees, officers, partners or directors of the Disclosing Party to whom disclosure is reasonably necessary, provided that counsel has a good faith basis for believing that, with respect to former employees, officers, partners, or directors (collectively, "former employees"), from the face of the Document or thing containing Highly Confidential – Attorneys' Eyes Only Information, from the content of the Highly Confidential – Attorneys' Eyes Only Information, or from a foundational inquiry to the former employee prior to revealing the substantive contents of the Document, thing, or information, that the former

employee had access to said material when they held said positions, and provided that upon the first indication that such former employee did not in fact have prior access to the Highly Confidential – Attorneys' Eyes Only Information, counsel must immediately refrain from any further disclosure to that former employee;

(b)     One current employee, officer, partner or director per side designated and agreed to by the Parties.  The Parties, by mutual written agreement not to be unreasonably withheld, may substitute or increase the number of non-Disclosing Party designated employees;

(c)     Outside counsel of record for the Parties, including partners, associates, contract attorneys, paralegals, assistants, secretaries, and support staff, provided that such persons are actively engaged in facilitating the prosecution, defense, appeal or settlement of this action; and employees, agents or contractors of professional services vendors for outside counsel of record (including, for example, reputable litigation support service providers, jury or trial consultants and mock jurors, and mediators and their staff) to the extent reasonably necessary to render professional services for this action or any appeal;

(d)     Up to three in-house counsel per side designated and agreed to by the Parties.  The Parties, by mutual written agreement not to be unreasonably withheld, may substitute or increase the number of designated in-house attorneys;

(e)     The author of the Document (in part or in whole) containing the information, persons to whom a copy of the Document was sent prior to its production in this action, or persons who otherwise possessed or knew the information;

(f)     Court officials involved in this action;

(g)     Court reporting personnel and their staff involved in taking or transcribing testimony in this action;

(h)    The non-Disclosing Party's outside consultants or experts retained for the purpose of assisting counsel in this action, and their support staff, provided that they comply with the requirements of ¶¶ 11 and 12, and that the outside consultant, expert or support staff is not a current employee of a Party or of a Party's competitor, is not anticipated to become an employee of a Party or a Party's competitor, and is not anticipated to become a percipient witness in this action; and

(i)    The Disclosing Party's outside consultants or experts retained for the purpose of assisting counsel in this action, and their support staff.

9.    In the absence of written permission from the Disclosing Party or an order of the Court, Highly Confidential – Outside Attorneys' Eyes Only Information may be disclosed by the non-Disclosing Party only to:

(a)    Current employees, officers, partners or directors of the Disclosing Party to whom disclosure is reasonably necessary.

(b)    Outside counsel of record for the Parties, including partners, associates, contract attorneys, paralegals, assistants, secretaries, and support staff, provided that such persons are actively engaged in facilitating the prosecution, defense, appeal or settlement of this action; and employees, agents or contractors of professional services vendors for outside counsel of record (including, for example, reputable litigation support service providers, jury or trial consultants and mock jurors, and mediators and their staff) to the extent reasonably necessary to render professional services for this action or any appeal;

(c)    The author of the Document (in part or in whole) containing the information, persons to whom a copy of the Document was sent prior to its production in this action, or persons who otherwise possessed or knew the information;

(d)     Court officials involved in this action;

(e)     Court reporting personnel and their staff involved in taking or transcribing testimony in this action;

(f)     The non-Disclosing Party's outside consultants or experts retained for the purpose of assisting counsel in this action, and their support staff, provided that they comply with the requirements of ¶¶ 11 and 12, and that the outside consultant, expert or support staff is not a current employee of a Party or of a Party's competitor, is not anticipated to become an employee of a Party or a Party's competitor, and is not anticipated to become a percipient witness in this action; and

(g)     The Disclosing Party's outside consultants or experts retained for the purpose of assisting counsel in this action, and their support staff.

10.     For the avoidance of doubt, anything that may be construed to the contrary in this Order notwithstanding, a Party or Third Party is free to disclose its own Designated Information without restriction.  Moreover, nothing shall prevent disclosure beyond the terms of this Order if the Party or Third Party designating the Documents, things, or information as Designated Information expressly consents to such disclosure, either in writing or on the record.  Nothing in this paragraph shall limit a party's ability to argue that such disclosure constitutes a waiver of any applicable privilege.

## CONFIDENTIALITY AGREEMENT

11.     Before any person described in Paragraphs 7(f), 8(h) or 9(f) is given access to Designated Information, the expert or consultant to whom disclosure is to be made shall first read this Order and then sign and date an agreement substantially in the form of the Agreement Concerning Confidentiality attached hereto as Exhibit A.  A copy of such declarations shall be

held by counsel of record for the Party disclosing the Designated Information to the expert or consultant.  The declarations executed pursuant to this paragraph shall only be discoverable upon order of the Court for good cause shown in the context of a bona fide dispute about compliance with this Order (or as part of the notification procedure described in the immediately following paragraph).

At least five (5) business days prior to disclosing Highly Confidential – Attorneys' Eyes Only Information to any person described in ¶ 8(h) and/or Highly Confidential – Outside Attorneys' Eyes Only Information to any person described in ¶ 9(f), the Party making such disclosure shall provide counsel for the Disclosing Party with written notice (in the event the Disclosing Party is a Party then notice will be by e-mail) that identifies each such expert or consultant, provide a fully executed copy of Exhibit A completed by the proposed expert or consultant, and provide a curriculum vitae for the expert or consultant, including: (1) identification of the expert or consultant's current employer(s); (2) a list of all publications authored in the previous five (5) years by the expert or consultant; (3) a statement identifying all other matters in which the expert or consultant has testified, including through trial testimony, deposition testimony, declaration, or written report, in the last five (5) years; (4) identification of each person from whom the expert or consultant received compensation or funding for work in his or her area of expertise, or to whom the expert or consultant provided professional services, over the last five (5) years; and (5) identification of any patent or patent applications in which the expert or consultant (or support staff) is identified as an inventor or applicant, is involved in prosecuting or maintaining, or has any pecuniary interest.  If the expert or consultant (or support staff) believes that any of the information he or she is required to provide by this subparagraph is subject to a confidentiality obligation to a third-party, then the expert or consultant (or support staff) should

provide whatever information he or she believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose Highly Confidential – Attorneys' Eyes Only and/or Highly Confidential – Outside Attorneys' Eyes Only Information will be available to meet and confer with the Disclosing Party.  Consent to the disclosure of Highly Confidential – Attorneys' Eyes Only and/or Highly Confidential – Outside Attorneys' Eyes Only Information to an expert or consultant shall not be unreasonably withheld.  If after proper notice, no objection is received within five (5) days, the notifying party may disclose the Highly Confidential – Attorneys' Eyes Only Information and/or Highly Confidential – Outside Attorneys' Eyes Only Information to the identified consultant or expert.

12.     A Disclosing Party may object to the disclosure of Highly Confidential – Attorneys' Eyes Only and/or Highly Confidential – Outside Attorneys' Eyes Only Information, when reasonable grounds exist, to any person described in ¶ 8(h) or ¶ 9(f) whose identity has been disclosed pursuant to ¶ 11, by giving written notice stating the nature of the objection to the notifying Party.  If such dispute cannot be resolved within five (5) business days of receipt of such notice, the objecting party may file a motion with the Court for a ruling seeking to prevent such disclosure.  In any such proceeding, the Party or Third Party opposing disclosure will bear the burden of proving the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the notifying Party's need to disclose the information.  No disclosure shall be made to the expert or consultant (or support staff) until the objecting party's motion has been decided.  If the notifying Party's notice was proper, and the Disclosing Party objected without making a motion or reaching an agreement within the prescribed time, the notifying Party may disclose the Highly Confidential – Attorneys' Eyes Only Information and/or Highly Confidential – Outside Attorneys' Eyes Only Information to the identified consultant or expert.

13.     Where the person is not a current employee, officer, partner or director of the Disclosing Party, Confidential or Highly Confidential – Attorneys' Eyes Only Information may be disclosed to any person referred to in ¶ 7(a) or ¶ 8(a), in addition to the conditions specified in those subparagraphs, only on the condition that the individual to whom disclosure is to be made shall first read this Order and then sign and date an agreement substantially in the form of the Agreement Concerning Confidentiality attached hereto as Exhibit A.  A copy of such declarations shall be held by counsel of record for the party disclosing the Confidential or Highly Confidential – Attorneys' Eyes Only Information to the individual.  The declarations executed pursuant to this paragraph shall only be discoverable upon order of the Court for good cause shown in the context of a bona fide dispute about compliance with this Order

14.     A party wishing to disclose Designated Information to a deponent, trial witness, or hearing witness not otherwise permitted hereunder to be shown such information, at or prior to the time of deposition, hearing, or trial, may request permission from the Disclosing Party to make such disclosure.  If the Disclosing Party agrees, such disclosure shall be permitted.  If the Parties interested in such a matter cannot informally resolve this matter, application may be made to the Court for permission to make such disclosures.

15.     Counsel for the Parties to whom Designated Information has been furnished shall be responsible for restricting disclosure in accordance with the provisions of this Order.

**PROSECUTION BAR**

16.     Absent written consent from the Disclosing Party, any individual who receives access to another litigation side's Highly Confidential – Outside Attorneys' Eyes Only Information will not be involved in prosecution activity on behalf of the receiving party regarding host card emulation software applications, including in connection with U.S. Patent No. 10,032,171 and any

related patent applications, including but not limited to U.S. Patent App. No. 17/724,921, where the prosecution activity impacts claim scope, before any foreign or domestic agency, including the United States Patent and Trademark Office ("the USPTO").

17.     Prosecution includes, for example, original prosecution, reissue, and reexamination and other post-grant proceedings.  For purposes of Paragraph 16, "where the prosecution activity impacts claim scope" includes advising on substantive prosecution activities, such as directly or indirectly drafting, amending, advising, or otherwise affecting the scope of patent specifications and the scope of patent claims, including in connection with U.S. Patent No. 10,032,171 and any related patent applications, including but not limited to U.S. Patent App. No. 17/724,921.  To avoid any doubt, "where the prosecution activity impacts claim scope" as used in Paragraph 16 does not include representing a party (or otherwise aiding a party in) challenging or defending a patent or patent application before a domestic or foreign agency (including, but not limited to, a reissue protest, *ex parte* reexamination, *inter partes* reexamination, post grant review, covered business method patent review, or *inter partes* review), including in connection with U.S. Patent No. 10,032,171 and any related patent applications, including but not limited to U.S. Patent App. No. 17/724,921, provided that the individual does not advise on, consult on, prepare, draft, or edit any amendments to the scope of patent specifications or the scope of patent claims at issue.  In further avoidance of doubt, "where the prosecution activity impacts claim scope" as used in Paragraph 16 does not include, including in connection with U.S. Patent No. 10,032,171 and any related patent applications, including but not limited to U.S. Patent App. No. 17/724,921, advising on the payment of maintenance fees, advising on the revival of expired patents, advising on the correction of inventorship or priority benefit claim of a patent or patent application, or advising that a party should not let a patent lapse.  This Prosecution Bar will begin when access to Highly Confidential

– Outside Attorneys' Eyes Only Information is first received by the affected individual and shall end two (2) years after final termination of this action.

## SEPARATE SOURCE CODE ORDER

18.     The production or disclosure of source code as part of a source code review, and the confidentiality designation of source code obtained from source code review, are not governed by this Order.  To the extent that a source code review is needed, the Parties will meet and confer as to a separate stipulated Source Code Review and Confidentiality Order, and the Parties intend to present any such separate order to the Court for entry, or to present a largely stipulated separate order with limited disputes for resolution by the Court.

## INADVERTENT FALIURE TO DESIGNATE

19.     If timely corrected, an inadvertent failure to designate qualified Documents, things, or information does not, standing alone, waive the Disclosing Party's right to secure protection under this Order for such material.  Upon correction of a designation made after a reasonable time from the discovery of the inadvertent failure to designate, the receiving party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order; however, if the initial designation or lack of designation or failure to invoke the 30 day period for designating a transcript resulted in the prosecution bar set forth in Paragraph 16 not being triggered as to an individual(s) who received the information, then timely correction will not trigger the bar as to that individual(s).

## FILING UNDER SEAL

20.     All persons seeking to file redacted Documents or Documents under seal with the Court shall follow Rule 11 of this Court's Individual Rules and Procedures for Civil Cases. Nothing in this Order is a pre-judgement by the Court that any material designated under this Order

is in fact entitled to sealing, and the Court may determine that such material will or can be publicly disclosed.

## CHALLENGES TO DESIGNATIONS OF CONFIDENTIALITY

21.     Each Party or Third Party that designates information or items for protection under this Order must take care to limit any such designation to material that qualifies under the appropriate standards.  Mass, indiscriminate, or routinized designations are prohibited.

22.     Any party may after attempting to resolve the matter by agreement, apply by motion to the Court for a ruling that certain Documents, things, information, or testimony designated as Designated Information, or the information therein, are not entitled to confidential status or protection or are entitled only to be designated under a lower level of confidentiality.  It is understood and agreed that the Disclosing Party will have the burden of establishing the grounds for confidential treatment of the Document, thing, information, or testimony at issue.  The confidential status of the Documents, thing, testimony, or information at issue shall be maintained pending the Court's ruling on the motion and any appeal therefrom.

23.     Unless a prompt challenge to a Disclosing Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

## NONWAIVER OF OBJECTION TO DISCOVERY

24.     Nothing herein shall affect any Party's or Third Party's right to object to any discovery request or disclosure requirement, including the right to assert that no discovery should be had of certain documents, things, or information.  Nor shall anything herein affect any Party's

right to seek the production of documents, things, testimony or information from any source. Further, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

## USE OF DESIGNATED INFORMATION AT TRIAL

25.     Designated Information may be offered in evidence at trial or offered at any hearing subject to any procedures to be established by the Parties and Court to govern the use and protection of such information in the courtroom.  Nothing in this Order is a pre-judgement by the Court that any material designated under this Order is in fact entitled to any protections at a hearing or trial, and the Court may determine that such material will or can be publicly disclosed at a hearing or trial.

## THIRD-PARTY MATERIAL SOUGHT IN THIS CASE

26.     In the event that a Party is required, by a valid discovery request, to produce a Third Party's confidential information in its possession, and the Party is subject to an agreement with the Third Party not to produce the Third Party's confidential information, then the Party will promptly notify the requesting party and the Third Party that some or all of the information requested is subject to a confidentiality agreement with a Third Party.  If the Third Party timely seeks a protective order, the discovery responding party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Third Party before a determination by this Court.

## SUBPOENAS SEEKING DESIGNATED INFORMATION

27.     If any Party or person that has obtained Designated Information under the terms of this Order receives a subpoena or other legal process commanding the production of any such Documents, things, or information (the "subpoena"), such Party or person shall promptly, and in no event more than seven (7) days thereafter, notify in writing the Party or Third Party that

designated the information, Documents, or things as Designated Information of the service of the subpoena. The Party or person receiving the subpoena shall not produce any Designated Information in response to the subpoena without either the prior written consent of the Party or Third Party that designated the Documents, things or information as Designated Information, or an order of a court of competent jurisdiction. However, the Party or Third Party that designated such Designated Information in such case shall have the burden of seeking a court order relieving the subpoenaed Party or person of the obligations of the subpoena prior to the return date of such subpoena or within seven (7) days of receiving the written notification of the subpoena, whichever occurs later, or the subpoenaed person or Party shall be relieved of its obligations under this paragraph.

## PROCEDURE UPON TERMINATION OF LITIGATION

28. The provisions of this Order shall not terminate at the conclusion of this action. Within sixty (60) days after a final termination of this action, whether through settlement, dismissal, or final judgment (including any and all appeals therefrom), the receiving party will either return to the Disclosing Party or destroy all materials and documents containing Designated Information, including all copies and all electronic collections, images and other electronic records that contain Designated Information. However, the receiving party's reasonable efforts shall not require the return or destruction of material from (i) disaster recovery or business continuity backups, (ii) data stored in system-generated temporary folders or near-line storage, (iii) archived data with limited end-user accessibility, and/or (iv) material that is subject to legal hold obligations or commingled with other such material. Anything to the contrary in the forgoing portions of this Paragraph notwithstanding, outside counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, discovery requests and responses, legal

memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Designated Information. All Designated Information retained under this exception shall remain subject to the terms of this Order, including all restrictions and conditions on use or distribution of such Designated Information, and the Court shall retain jurisdiction to enforce the terms of this Order.  All Parties or persons that received Designated Information shall certify compliance with this section and shall deliver same to counsel for the Party that produced the Designated Information not more than sixty (60) days after the final termination of this action.

## AMENDMENT OF THIS ORDER

29.     Any Party or Third Party is free to request modifications of this Order from the Court.  Further, nothing in this Order prevents a Party or Third- Party from bringing a dispute arising under this Order or relating to the subject matter of this Order to the Court for resolution.

Dated:  June 23, 2023

Respectfully submitted,

BAKER BOTTS L.L.P.

By: */s/ Jennifer C. Tempesta*
    Robert C. Scheinfeld
    Jennifer C. Tempesta
    BAKER BOTTS L.L.P.
    30 Rockefeller Plaza
    New York, NY 10012
    Tel.:  (212) 408 2512
    Fax:   (212) 259 2512
    Robert.scheinfeld@bakerbotts.com
    Jennifer.tempesta@bakerbotts.com

    Eliot D. Williams
    BAKER BOTTS L.L.P.
    700 K Street NW
    Washington, DC 20001
    Tel.:  (202) 639-7700
    Fax:   (212) 639-7890
    Eliot.williams@bakerbotts.com

*Attorney for Defendants Mastercard Incorporated*
*and Mastercard International Incorporated*

HOSIE RICE LLP

By: */s/ Darrell R. Atkinson*
    Spencer Hosie
    (admitted *pro hac vice*)
    (CA Bar No. 101777)
    shosie@hosielaw.com
    Diane S. Rice
    (admitted *pro hac vice*)
    (CA Bar No. 118303)
    Darrell R. Atkinson
    (admitted *pro hac vice*)
    (CA Bar No. 280564)
    HOSIE RICE LLP
    505 Sansome Street, Suite 1575
    San Francisco, CA 94111

Tel: 415-247-6000
Fax: 415-247-6001

*Attorneys for Plaintiff OV Loop, Inc.*

## REPRESENTATION OF CONSENT TO FILING

I represent that all other signatories listed, and on whose behalf this filing is submitted,

have consented to this filing.

Date: June 23, 2023                                        */s/ Darrell R. Atkinson*
                                                          Darrell R. Atkinson

ENTERED this __26th__ day of ___June_____, 2023

_____
Honorable Cathy Seibel
U.S. DISTRICT JUDGE

21

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

OV LOOP, INC.,

      *Plaintiff*,

v.

MASTERCARD INCORPORATED, and
MASTERCARD INTERNATIONAL
INCORPORATED,

      *Defendants*.

Civil Action No.: 7:23-cv-1773-CS

**AGREEMENT CONCERNING CONFIDENTIALITY**

I, _____, hereby certify that:

1.     I have read the Protective Order entered in this action.  I understand and agree to be bound by the terms of the Protective Order.  I agree to use the information provided to me in this case only for the purposes of the litigation (including any settlement efforts and any appeals).

2.     I understand that my failure to abide by the terms of the Protective Order may subject me, without limitation, to civil and criminal penalties for contempt of court.

3.     I submit to the jurisdiction of the court (and any appeals court) in the above-captioned case for the purpose of enforcing the terms of the Protective Order and freely and knowingly waive any right that I may otherwise have to object to the jurisdiction of these courts.


Dated: _____     Signature: _____

                                           Print Name: _____

22